LAW OFFICES OF FRANCIS J. DOOLEY
350 Main Street
West Orange, New Jersey
(973) 731-8400
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
................................................................................
REINA MENDEZ,                                                    CASE NUMBER:

          Plaintiff,
vs.                                                              COMPLAINT
                                                                 AND
WATERMAN STEAMSHIP CORPORATION,                                  JURY DEMAND
INTERNATIONAL SHIPHOLDING
CORPORATION, M/V PONL VERA CRUZ,
CAPTAIN MICHAEL MARA and JAMES KINGSLEY,

          Defendants.
................................................................................



## STATEMENT OF JURISDICTION

JURISDICTION IS CONFERRED ON THIS COURT: (1) BY THE INHERENT ADMIRALTY NATURE OF THESE CLAIMS, (2) BY **46 U.S.C. § 688 et seq.** ALSO KNOWN AS THE JONES ACT, (3) BY WARRANTY OF SEAWORTHINESS AND MAINTENANCE AND CURE CLAIMS and (4) BY **F.R.C.P. 9(h) and 14.**

## PREPAYMENT OF FEES

    The plaintiff as a merchant seaman asserts the privilege against the prepayment of fees and costs pursuant to **28 U.S.C.A. § 1916**: "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety, without prepaying fees or costs or furnishing security therefore."

## THE PLAINTIFF, REINA MENDEZ, COMPLAINING OF THESE DEFENDANTS, ALLEGES AND SAYS:

### FIRST COUNT

1. Plaintiff, REINA MENDEZ, is a citizen of the United States of America and resides at 145 Park Avenue, Newark, Essex County, New Jersey.

2. At all times pertinent hereto, the plaintiff was a merchant seaman employed aboard the defendant VESSEL. On or about July 22, 2005, the plaintiff was hired to serve as Chief Cook aboard defendant VESSEL, and was transported to Italy to join the crew of the vessel.

3. On information and belief at all times pertinent hereto, defendant WATERMAN is a subsidiary of defendant, ISC. Both defendants have their principle place of business at 1 Whitehall Street, New York City, New York. One or both of these defendants was the plaintiff's employer.

4. On information and belief at all times pertinent hereto, defendant VESSEL is a merchant vessel, owned and/or controlled by the defendant WATERMAN and/or defendant ISC, and was engaged in international trade, beyond the territorial waters of the United States.

5. At all times pertinent hereto, either defendant WATERMAN and/or defendant ISC, employed defendants, CAPTAIN MICHAEL MARA (CAPTAIN MARA) as Master and JAMES KINGSLEY (KINGSLEY) as Chief Steward, aboard defendant VESSEL, placing them in positions of authority over the plaintiff.

6. On information and belief, at all times pertinent hereto, defendant CAPTAIN MARA was in command of the defendant VESSEL, and in that capacity was the agent of the defendants WATERMAN and/or ISC, and plaintiff's superior officer.

7. At all times pertinent hereto, defendant KINGSLEY, was the agent of the employer defendants, who are responsible for his conduct in this matter.

8. The plaintiff's status placed her under the authority and direct supervision of defendant KINGSLEY, as head of the vessel's Steward's Department.

9. Throughout the period of employment, defendant KINGSLEY, sexually harassed, assaulted, battered, libeled, verbally abused and humiliated the plaintiff while she was in the course of her employment.

10. Defendant KINGSLEY's conduct worsened as time passed.

## PRELIMINARY STATEMENT

The defendants named in this Complaint have been identified in official documents as owners and/or parties in interest in the ownership and/or operation of the defendant M/V PONL VERA CRUZ.

Defendant WATERMAN STEAMSHIP CORPORATION (WATERMAN), is a corporation created by the laws of one of the state of the United States and does business at 1 Whitehall Street, New York City, County of Manhattan, New York.

On information and belief, WATERMAN is a subsidiary corporation of the defendant INTERNATIONAL SHIPHOLDING CORPORATION (ISC), a corporation created by the law of one of the states of the United States and does business at 1 Whitehall Street, New York City, County of Manhattan, New York.

The plaintiff, REINA MENDEZ, is a merchant seaman, a female, who was employed in the Steward's Department aboard defendant M/V PONL VERA CRUZ on or about July 21, 2005, until she was removed and hospitalized in August 2005.

The defendant merchant vessel, M/V PONL VERA CRUZ, is flagged and registered in the United States of America. The Certificate of Discharge given to the crew, including plaintiff, identified M/V PONL VERA CRUZ (VESSEL) as the merchant vessel, and defendant WATERMAN as the employer.

## THE VESSEL

The defendant merchant vessel, M/V PONL VERA CRUZ (VESSEL), has been named as a defendant in the event that the in personam defendants attempt to avoid liability. In that event, the plaintiff will proceed against this merchant vessel when it comes within the jurisdiction of U.S. courts.

The defendant VESSEL is engaged in international trade and is registered in a state of United States of America.

11.　On information and belief, the ship's crew, superior officers witnessed and/or were aware of defendant KINGSLEY's conduct towards plaintiff.

12.　As the result of defendant KINGSLEY's actions, plaintiff's health deteriorated and she was removed from the defendant VESSEL, and hospitalized on or about August 21, 2005.

13.　The defendants, WATERMAN and/or ISC, were negligent in hiring defendant KINGSLEY as the superior office in command of plaintiff's work aboard the defendant VESSEL.

14.　As the result of the negligence of the employer defendants, WATERMAN and/or ISC, plaintiff was injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

15.　As the result of the cruel and vicious conduct of the defendant KINGSLEY, plaintiff was injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

## SECOND COUNT

1.　Plaintiff, REINA MENDEZ, repeats and realleges each and every allegation of this Complaint, as though set forth herein with full force and effect.

2.　The plaintiff was subjected to the discipline authority and control of the defendant, KINGSLEY, as aforesaid.

3.　At all times pertinent hereto, CAPTAIN MARA, was in command of defendant VESSEL and was the agent of the defendants ship owner/employer WATERMAN and/or ISC.

4.　The plaintiff complained to defendant CAPTAIN MARA about defendant KINGSLEY requesting that he intervene.

5.　Defendant CAPTAIN MARA, negligently failed and/or refused to come to the assistance of plaintiff as the result of which defendant KINGSLEY's actions intensified and worsened.

6.　Plaintiff was removed from the defendant VESSEL and hospitalized as the result of the conduct of these defendants.

7.　As the result of the negligence of defendant CAPTAIN MARA, plaintiff was caused to be injured in mind and in body, temporarily and permanently has suffered and will suffer great

physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

8. As the result of the cruel and vicious conduct of the defendant KINGSLEY, plaintiff was injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

## THIRD COUNT

1. Plaintiff, REINA MENDEZ, repeats and realleges each and every allegation of this Complaint, as though set forth herein with full force and effect.

2. The employer defendants, had the obligation to provide a seaworthy defendant VESSEL for the plaintiff's employment.

3. The aforesaid actions of defendants CAPTAIN MARA and/or KINGSLEY violated the WARRANTY OF SEAWORTHINESS, and rendered the defendant VESSEL unseaworthy.

4. Plaintiff alleges that defendants, WATERMAN and/or ISC and CAPTAIN MARA, knew of the vicious propensities of defendant KINGSLEY and refused to come to her assistance.

5. Plaintiff alleges that the action and inaction by these defendants made the defendant VESSEL unseaworthy, violating and breaching the WARRANTY OF SEAWORTHINESS.

6. As the result of the UNSEAWORTHINESS of defendant VESSEL, plaintiff was caused to be injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

7. As the result of the cruel and vicious conduct of the defendant KINGSLEY, plaintiff was injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

## FOURTH COUNT

1. Plaintiff, REINA MENDEZ, repeats and realleges each and every allegation of this Complaint, as though set forth herein with full force and effect.

2. The ship's Articles, a contractual agreement between ship's master defendant CAPTAIN

MARA and the crew, including the plaintiff contains a provision, mandated by **46 U.S.C.A. 10304**:

> "And it is also agreed that of any member of the crew considers himself to be aggrieved by any breach if the agreement or otherwise, he shall represent the same to the master or officer in charge of the vessel in a quiet and orderly manner, who shall thereupon take such steps in the case may require."

3. As the result of the defendant CAPTAIN MARA's breach of the employment contract, the plaintiff was caused to be injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

4. As the result of the cruel and vicious conduct of the defendant KINGSLEY, plaintiff was injured in mind and in body, temporarily and permanently has suffered and will suffer great physical and mental pain, has incurred and will incur medical expenses, has lost wages and profits and has been damaged in these and other ways.

### FIFTH COUNT

1. Plaintiff, REINA MENDEZ, repeats and realleges each and every allegation of this Complaint, as though set forth herein with full force and effect.

2. Because of her status as seaman employed aboard the defendant VESSEL by the defendant employers, plaintiff claims COMPENSATION FOR MAINTENANCE AND CURE and for lost of wages for the periods of disability in an amount to be determined by this Court.

**WHEREFORE**, the plaintiff seeks these damages from these defendants for the negligence and for the reckless, wonton and vicious conduct: (1) Compensatory Damage in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00); (2) Punitive Damage in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00); (3) Court costs and the Litigation's fees and costs and (4) Attorney's fees.

**LAW OFFICES OF FRANCIS J. DOOLEY**

_____
**FRANCIS J. DOOLEY, ESQ. (FD-8528)**
**350 MAIN STREET**
**WEST ORANGE, NEW JERSEY 07052**
**Telephone: (973) 731-8400**

## JURY DEMAND

Plaintiffs demand a jury trial on all issues of fact and law.

Dated: **August 7, 2008**                LAW OFFICES OF FRANCIS J. DOOLEY

*/s/ Francis J. Dooley*
FRANCIS J. DOOLEY, ESQ. (FD-8528)
350 MAIN STREET
WEST ORANGE, NEW JERSEY 07052
Telephone: (973) 731-8400